UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMAN SINGH,

        Plaintiff,

 -v-

ACCUTIME WATCH CORP.,

        Defendant.

24-CV-8007 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff Daman Singh ("Singh") alleges that Defendant Accutime Watch Corporation ("Accutime") intentionally and unlawfully discriminated against Singh based on his Indian national origin and Sikh religion. Singh brings claims against Accutime, alleging disparate treatment and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et. seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et. seq.*

  On July 16, 2025, this Court granted Accutime's first motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), but gave Singh leave to file an amended complaint within 14 days. (ECF No. 24.) On July 30, 2025, Singh filed his First Amended Complaint ("FAC"). (ECF No. 25 ("FAC").) On August 13, 2025, Accutime filed a second motion to dismiss pursuant to Rule 12(b)(6), as well as an accompanying memorandum of law. (ECF No. 26 ("Mem.").) For the reasons that follow, Accutime's second motion to dismiss is granted.

**I.      Background**

Familiarity with the factual allegations as set out in the Court's July 16, 2025 Order is presumed. Accordingly, the Court relates only those facts that are necessary for the disposition of this motion.

The claims raised in the FAC are substantially similar to those raised in Singh's initial complaint. (*Compare* ECF No. 1 ("Compl."), with FAC.) As in his initial complaint, Singh's FAC brings claims alleging hostile work environment and disparate treatment in violation of federal and state employment statutes. Singh again alleges that he was subjected to a "disproportionate workload" compared to his non-Indian non-Sikh co-worker, Saudia Mumu (Compl. ¶ 16; FAC ¶ 16), and maintains that two non-Indian non-Sikh Accutime employees, Josh Raider and Jennifer Sacco, were "not as productive" as he, but were both given a salary raise when Singh was not (Compl. ¶ 28-32; FAC ¶¶ 30-32). Unlike his initial complaint, however, Singh's FAC omits his previously alleged retaliation claims against Accutime.

Singh supplements his FAC with three additional facts that were not in his initial filing with the Court. In his FAC, Singh adds the statements that: (1) "Mumu was managing the Amazon advertising arm of [Accutime's] operation" (FAC ¶ 17); (2) "Mumu's role and [] Singh's roles were substantially similar and intertwined; however, despite making the same salary, [] Singh was doing significantly more work as he was doing most of [] Mumu's work as well as his own" (FAC ¶ 18); and (3) "[] Raider, [] Sacco, [] Singh, and [] Mumu all worked under the same supervisor, Marc Shama" (FAC ¶ 33).

Accutime's current motion to dismiss is similar to its prior motion to dismiss. (*Compare* ECF No. 15, with Mem.) In its second motion to dismiss, Accutime again argues that the FAC

should be dismissed because Singh fails to plead facts to plausibly support disparate treatment or a hostile work environment under Title VII, the NYSHRL, or the NYCHRL.  (Mem. at 1.)

**II.     Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a complaint must be dismissed if it fails "to state a claim upon which relief can be granted."  Fed. R. Civ. Pro. 12(b)(6).  To adequately state a claim, the plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Under this modest pleading standard, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570 (noting that the claims must be "plausible" not just "conceivable").  Plaintiffs do not meet their burden if they merely provide "labels and conclusions" and "a formulaic recitation of the elements of the cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  Although the court must accept the allegations contained in the complaint as true, this obligation does not extend to legal conclusions, including those "couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III.    Discussion**

   **A.     Disparate Treatment**

For a plaintiff to state a disparate treatment claim pursuant to Title VII, the NYSHRL, and the NYCHRL, he must plausibly allege "at least minimal support for the proposition that the employer was motivated by discriminatory intent."  *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *Sabic-El-Rayess v. Tchrs. Coll., Columbia Univ.*, 758 F. Supp. 3d 268, 277 (S.D.N.Y. 2024).  An inference of discrimination may be drawn from factors including "the more favorable treatment of employees not in the protected group, or the sequence of events leading to

3

the plaintiff's discharge." *Littlejohn*, 795 F.3d at 312 (quotation marks omitted). To demonstrate discriminatory intent at the pleading stage, Singh must establish a "reasonable inference" of discrimination. *See Iqbal*, 556 U.S. at 678. This may be shown by a plausible allegation that the plaintiff was treated "less favorably than a similarly situated employee outside [the plaintiff's] protected group." *See Ruiz v. County of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010) (quotation marks omitted).

Singh's discrimination claim based on disparate treatment alleges that he, a person of Indian national origin, Asian Indian race, and a member of the Sikh religion, was treated less well than his non-Indian, non-Sikh colleagues at Accutime. (*See generally* FAC.) Singh alleges that he did more work than his coworker Mumu while receiving the same salary. (FAC ¶ 16.) Additionally, he alleges that two non-Indian, non-Sikh colleagues, Raider and Sacco, received raises and Singh did not, although Raider and Sacco were demonstrably not as productive as Singh. (FAC ¶¶ 30-32.)

The new facts added to the FAC do not change the Court's prior conclusion that Singh has failed to state a discrimination claim under Title VII, the NYSHRL, and the NYCHRL based on national origin or religion.

Although Singh added a statement that Mumu was "managing the advertising arm of [Accutime's] operation" (FAC ¶ 17), Mumu's managerial and advertising duties remain opaque. The FAC does not elaborate on the responsibilities of Mumu's role or explain how Singh's role of "Associate Director of Amazon Advertising" relates to Mumu's role "managing the advertising arm." *Id.* The FAC—like the initial complaint—provides no information about Accutime's treatment of Mumu. Further, the FAC does not provide information about Mumu's religious, national, or racial background.

The second statement added to the FAC is that "Mumu's role and [] Singh's roles were substantially similar and intertwined; however, despite making the same salary, [] Singh was doing significantly more work as he was doing most of [] Mumu's work as well as his own." (FAC ¶ 18.)  The statement that Singh's and Mumu's roles were "substantially similar" merely proffers a requisite legal conclusion—that the employees are similarly situated—and does not provide useful factual information.  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (the "plaintiff must show she was 'similarly situated in all material respects' to the individuals with whom she seeks to compare herself") (cleaned up).  This Court has no obligation to accept as true such legal conclusions couched as factual allegations.  *Papasan*, 478 U.S. at 286.

Additionally, the allegation that Singh and Mumu made the same salary does not establish that Singh was treated less well than a similarly situated employee because of a discriminatory motive.  Just like the initial complaint, the FAC states that Singh took it upon himself to "assume" the extra work.  (FAC ¶ 19.)  Singh still makes no allegation that he was *assigned* a more burdensome workload.  The only new information is that he was paid the same amount as Mumu, whose responsibilities and level within the corporate hierarchy remain undisclosed.  This addition does nothing to address the Court's previously expressed concern that Singh took on the extra work voluntarily.  *Singh v. Accutime Watch Corp.*, No. 24-CV-8007, 2025 WL 1951975, at *3 (S.D.N.Y. July 16, 2025).

Finally, the FAC adds a statement that "Raider, [] Sacco, [] Singh, and [] Mumu all worked under the same supervisor, Marc Shama." (FAC ¶ 33.)  Because this is the only new information the FAC provides about Raider and Sacco, the Court still lacks insight about their

respective levels of seniority, salaries, and job responsibilities. The fact that Sacco, Mumu, and Raider have the same supervisor as Singh does not remedy these informational defects.

Once again, the FAC, like the initial complaint, "fails to describe who these people are, what their responsibilities were, how their workplace conduct compared to [Singh's], or how they were treated." *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014). Thus, the Court adheres to its previous conclusion that Singh has failed to establish Mumu, Raider, and Sacco as appropriate comparators for his disparate treatment claim. *Singh*, 2025 WL 1951975, at *4.

**B.     Hostile Work Environment**

To prove a claim of hostile work environment under Title VII or the NYSHRL, a plaintiff "must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [plaintiff's] employment were thereby altered." *Nieblas-Love v. New York City Housing Authority*, 165 F.Supp.3d 51 (S.D.N.Y. 2016) (quoting *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002)). The NYCHRL has a more lenient standard: Plaintiffs must bring evidence of "unequal treatment *based upon* membership in a protected class." *Id.* at 68 (quoting *Fattoruso v. Hilton Grand Vacations Co.*, 873 F.Supp.2d 569, 579 (S.D.N.Y. 2012)) (emphasis added). Even under the more plaintiff-friendly NYCHRL, Singh fails to state a valid hostile work environment claim.

Singh's opposition brief asserts that he was subjected to a hostile work environment as he was "doing extra work to compensate for the incompetence of his non-Indian non-Sikh colleagues." (ECF No. 29 at 9.) The only new information in the FAC that relates to Singh's claim of a hostile work environment is the FAC's statement that although Singh and Mumu were paid the "same salary," Singh did "significantly more work" than Mumu. (FAC ¶ 18.) This

6

information does not establish, as is required for hostile work environment claims, that the actions creating the hostile work environment "were taken against him *because of* a prohibited factor." *Pouncy v. Advanced Focus LLC*, No. 15-CV-6260, 2017 WL 4280949, at *5 (S.D.N.Y. Sep. 25, 2017) (cleaned up) (emphasis added). Singh does not establish that the uneven distribution of work was an action "taken against him." *Id.* Instead, Singh suggests that he worked more than Mumu because he "assume[d] her responsibilities in addition to his own" after concluding that she "lacked the necessary skills to perform her job." (FAC ¶ 19.) Stating that Singh and Mumu were paid the same amount despite Singh's *autonomous* decision to take on extra work does not establish a hostile work environment. Despite Singh's minimal revisions, the FAC still does not allege facts sufficient to support an inference that Singh was "treated less well *because of* his protected characteristic." *Gonzalez v. City of New York*, 377 F.Supp.3d 273, 302 (S.D.N.Y. 2019).

### IV. Conclusion

For the foregoing reasons, Accutime's motion to dismiss the Amended Complaint under Rule 12(b)(6) is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 26, to enter judgment of dismissal, and to close this case.

SO ORDERED.

Dated: October 14, 2025
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　J. PAUL OETKEN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge